CITY ISLAND ATHLETIC CLUB, INC., Plaintiff, *v.* EDWARD P. MULROONEY, etc., and Others, Defendants.

Supreme Court, Bronx County, August 11, 1931.

*Louis Susman,* for the plaintiff.

*Arthur J. W. Hilly, Corporation Counsel,* for the defendants.

*Phillips. Mahoney, Liebell & Fielding [Jeremiah T. Mahoney* of counsel], *amici curiæ.*

COHN, J. This is a motion to restrain the police commissioner and his subordinates, pending the trial of this injunction action, from interfering with the plaintiff in the conduct of boxing tournaments for amateurs, at which an admission fee of one dollar is to be charged. The defendants have stationed themselves in and about the plaintiff's premises because, as they claim, these bouts, not duly licensed by the license committee of the State Athletic Commission, are being unlawfully conducted. Plaintiff insists that they are being staged and conducted without violation of law and that the interference of the defendants constitutes an illegal trespass. The sole question to be decided is, does the plaintiff, to conduct boxing exhibitions for amateurs where an admission fee is charged, require a license from the license committee of the State Athletic Commission.

Boxing and sparring matches are regulated by chapter 912 of the Laws of 1920 (as amd. by Laws of 1921, chap. 714; Laws of 1923, chaps. 353 and 699; Laws of 1925, chap. 378; Laws of 1928, chap. 758, and Laws of 1930, chaps. 554, 611 and 612.) The title to this chapter reads as follows: " An Act allowing and regulating boxing and sparring matches, and establishing a state boxing commission, and making an appropriation therefor."

Section 3 of the act, as amended by chapter 353 of the Laws of 1923, provides: " § 3. Boxing and wrestling exhibitions authorized; jurisdiction of commission; permits to corporations. Boxing, sparring and wrestling matches or exhibitions for prizes or purses, *or where an admission fee is received*, are hereby allowed except on Sundays. The commission shall have and hereby is vested with the sole direction, management, control and jurisdiction over all *such* boxing, sparring and wrestling matches or exhibitions to be conducted, held or given within the state of New York, and no such boxing, sparring or wrestling match or exhibition shall be conducted, held or given within the state except in accordance with the provisions of this act."

Section 6 of the act gives to the license committee of the State Athletic Commission sole control and jurisdiction over all licenses to hold boxing matches for prizes or purses, *or where an admission fee is received.* These two sections speak definitely and explicitly. In language unmistakably clear there is thus vested in the State Athletic Commission sole and exclusive direction, management, control and jurisdiction over all boxing exhibitions for prizes or purses, or where an admission fee is received, and sole authority is given to its license committee over all licenses to hold such exhibitions. By this law and the law it amends the State, in the proper exercise of its police power, legalizes boxing, as is its right, when conducted pursuant to the provisions of the act. Prize fighting and sparring has, by statute, long been a crime in this State (Penal Law, § 1710, formerly Penal Code, § 458, as amd. by Laws of 1896, chap. 301; Laws of 1900, chap. 270), although as an offense it was unknown to the common law (*Sullivan* v. *State*, 67 Miss. 346). From time to time laws were in existence in this State permitting boxing contests under proper restrictions. The present act has again legalized them under certain conditions. Unless there be a compliance with the provisions of law, boxing exhibitions held at which an admission fee is received are not excepted from the operation of section 1710 of the Penal Law, which makes those conducting the bouts as well as those who participate, guilty of a misdemeanor. That section, in so far as it is material, reads as follows: " A person who, * * * engages in, * * * aids, encourages or does any act to further * * * a fight * * * between two or more persons, or a fight commonly called a ring or prize fight, * * * or who engages in a public or private sparring exhibition, with or without gloves * * * at which an admission fee is charged or received, either directly or indirectly, * * * or trains or assists any

person in training or preparing for such * * * an exhibition or fight, is guilty of a misdeameanor."

By section 28 of the act the provisions of section 1710 of the Penal Law are not applicable to any boxing exhibition conducted pursuant to the provisions of the act, nor to any boxing, sparring or wrestling exhibition in which all the contestants are amateurs. The plaintiff insists that this section exempts all of the contestants who are amateurs from the provisions of section 1710 of the Penal Law, even where an admission fee is received. I do not so construe the language of the act. The provisions of section 28 must be read as a whole, and they must be read in conjunction with all of the preceding sections of the act. The law seeks to regulate all boxing exhibitions for purses or prizes, *or* where an admission fee is received (§§ 3 and 6). It likewise exempts from the provisions of the Penal Law referred to, any boxing or sparring exhibition in which all the contestants are amateurs, provided that at such contests no admission fee is received or no prizes or purses are distributed. Section 28 excepts amateur bouts from the provisions of the Penal Law only where these bouts are conducted without a charge for admission. If, as it is urged, amateur bouts are lawful where an admission fee of one dollar is charged, as in the present case, they would be equally lawful where an admission fee in an unlimited amount is received. A charge greater than that which is allowed by the present rules and regulations of the State Athletic Commission for professional bouts could thus lawfully be exacted. Such a construction of the statute would permit a commercialization of the sport without State supervision, and it would bring to pass many of the evils which the act seeks to curb by State regulation. That the act permits contests between amateur boxers where no admission fee is received or no purses or prizes are awarded, there can be no doubt, and when so conducted supervision by the State Athletic Commission is not required by law. Sections 27 and 28 of the act make this plain. But the law intends to and does bring within its purview boxing exhibitions, whether professional or amateur, where an admission fee is received. If the Legislature ever intended that *no provision of this act* should be construed to apply to boxing contests where all of the contestants are amateurs whether an admission fee is received or not, it would have so expressed it in identical language with that used in section 27-a, where, in excepting contests held under the supervision of the New York State National Guard or the Naval Militia from any provisions of the law, it states: "*No provisions of this act shall apply*" to such contests.

Sound public policy in regulation of a sport which may readily

degenerate to brutal and degrading exhibitions, requires that contests conducted for professionals or for amateurs where a pecuniary profit is made possible by receiving admissions, should be strictly supervised and carefully controlled. This the State has accomplished by this law, which prescribes stringent regulations under which such contests are to be held. The act gives jurisdiction over all licenses to the license committee of the State Athletic Commission (§ 6); it requires the names and addresses of all licensees (§ 9); it demands that all buildings or structures used shall be properly ventilated and provided with fire exits, and shall conform to laws or ordinances pertaining to buildings (§ 11); it regulates the conduct of the contests by limiting the number of rounds and the weight of the gloves (§ 12); it requires the attendance of a physician (§ 13); it compels the examination of contestants by a physician before they enter the ring (§ 23); it precludes persons under the age of eighteen from engaging in contests, and persons under the age of sixteen from attending as spectators (§ 14); it confers upon the Commission the power to impose penalties upon corporations licensed under its provisions for violating any rule or order of the Commission (§ 17-a); and it regulates the sale of tickets (§ 26). Other provisions there are in the law, all designed to insure safety to contestants and spectators alike, and to promote and protect such contests when conducted within the legitimate limits of a sport.

The situation presented in the moving papers clearly shows the necessity for the regulations required by the statute. An admission fee of one dollar is to be charged to witness boxing tournaments which have been arranged at great expense, and which have been extensively advertised, and at which a large attendance is expected. Can it be successfully argued that the Legislature ever intended to allow boxing exhibitions of this magnitude, at which admission fees are received, without proper State supervision? True, the plaintiff is affiliated with the Amateur Athletic Union, an organization of high repute. But the mandate of the statute is plain; it commands regulation by the State Athletic Commission and not by any other agency, of boxing exhibitions where an admission fee is received.

The court's attention has been directed to the decision of Mr. Justice DONOHUE, at Special Term of this court, in *United Friends of Harlem, Inc.*, v. *Farley* (N. Y. L. J. Aug. 23, 1926; affd., without opinion, 219 App. Div. 704). The views there expressed in no way conflict with this determination. In that case the plaintiff sought an order of mandamus against the officials of the State Athletic Commission directing them to entertain an application for a permit

to conduct amateur boxing exhibitions. In denying the motion for a mandamus order the court held that where the contestants are amateurs no license is required. Nowhere did it appear that an admission fee was to be charged or received.

The plaintiff here concededly conducts amateur bouts where an admission fee is received, without supervision of the State Athletic Commission, and without first having obtained a license from the Commission's license committee. All who participate in any manner in such exhibitions violate section 1710 of the Penal Law. To properly protect the amateur contestants, the plaintiff, if it seeks to continue the practice of receiving admission fees, must conduct such bouts under the sole direction and jurisdiction of the State Athletic Commission, and it must procure a license to conduct them from the license committee of the State Athletic Commission. The defendants, in interfering with a continuance of these bouts, were acting lawfully.

The application for a temporary injunction is denied, and the stay heretofore allowed is vacated.